## JOSEPH SANTOM *vs.* JOHN S. BALLARD.

Worcester. Oct. 4. — 23, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

If a party who appeals from a judgment of an inferior court does not file a bond with surety to the adverse party, as required by the Pub. Sts. c. 154, § 52, and the St. of 1882, c. 95, § 1, conditioned to enter and prosecute his appeal, and to satisfy any judgment which may be entered against him in the Superior Court, on the appeal, for costs, the Superior Court has no jurisdiction of the action, and it may be dismissed at any time before judgment, although the appellee has entered a general appearance in the Superior Court.

CONTRACT, upon an account annexed, brought in the Central District Court of Worcester. That court gave judgment for the defendant for the costs of suit, from which the plaintiff appealed to the Superior Court, and, on May 22, 1882, he entered into a recognizance to enter and prosecute the appeal, and to satisfy any judgment which might be entered against him on the appeal. The defendant entered a general appearance in the Superior Court, and there moved that the action be dismissed for want of jurisdiction, because no bond to the adverse party had been filed by the plaintiff in the court from which the appeal was taken.

Upon hearing of the motion, the Superior Court allowed the same, and ordered the action to be dismissed; and the plaintiff appealed to this court.

*C. F. Stevens*, for the plaintiff.

*H. F. Harris*, for the defendant.

MORTON, C. J. The statutes require that the party appealing in civil proceedings in any municipal, police or district court in the Commonwealth shall, instead of entering into a recognizance, within twenty-four hours after the judgment appealed from, unless the time is extended by the court, file a bond with sufficient surety or sureties to the adverse party, with condition to enter and prosecute his appeal with effect, and to satisfy any judgment which may be entered against him in the Superior Court, upon said appeal, for costs. Pub. Sts. c. 154, § 52; c. 155, § 29. St. 1882, c. 95, § 1. Unless such bond is filed, no appeal can be allowed, but the municipal, police or district court retains jurisdiction of the case, and may proceed to issue execution upon its judgment. And, until the appeal is duly allowed,

the Superior Court, sitting as an appellate court, has no jurisdiction of the cause or the subject matter.

The case before us was brought in the Central District Court of Worcester, which rendered judgment against the plaintiff. He claimed an appeal, but did not file the bond as required by law. The Superior Court, therefore, had no jurisdiction of the case, and might dismiss it on its own motion, or on the motion of the appellee, at any time before judgment.

In many cases, where there has been an objection to the jurisdiction, because of some irregularity or defect in the service, or some merely technical defect in the process, it has been held that a general appearance by the defendant is a waiver of such objection. But this rule applies only in cases where the court has jurisdiction of the subject matter. Consent of parties may in a certain sense give jurisdiction of the person, but it cannot create a jurisdiction over the cause and subject matter, which is not vested in the court by law. Brown v. Webber, 6 Cush. 560. Ashuelot Bank v. Pearson, 14 Gray, 521. McQuade v. O'Neil, 15 Gray, 52. Riley v. Lowell, 117 Mass. 76.

The provisions of law requiring a bond are not wholly for the benefit of the appellee, but partly, upon considerations of public policy, to discourage frivolous and vexatious litigation. Parties cannot by their consent dispense with the bond, and thus, without complying with the law, devest the inferior court of its jurisdiction and transfer the case to the higher court. It follows that the Superior Court rightly dismissed the action.

*Judgment affirmed.*