(81 N. W. Rep. 33.)

---

SAMUEL D. RICHARDSON *vs.* F. H. CAMPBELL.

Opinion filed November 20, 1899.

**Appeal from Justice—Notice—Service of Bond—Appeal by Administrator.**

> Sections 6771, 6772, 6776, Rev. Codes, relating to appeals from Justice's Courts, construed. *Held,* that the service of a notice of appeal upon the adverse party, and the filing of the same with an undertaking with the clerk of the District Court within thirty days from the rendition of the judgment appealed from, do not alone give the District Court jurisdiction of such appeal. Service of the statutory undertaking is also necessary. *Held,* further, that the District Court, in case of failure to serve such undertaking, is without jurisdiction to grant leave to the appellant to serve and file a new undertaking.

**Administrator Must Give Cost Bond on Appeal.**

Section 6258, Rev. Codes, providing that executors, administrators, and guardians may appeal from certain decrees and orders without giving an appeal bond, construed; and *held,* that said section applies only to appeals from County to District Courts, and does not exempt them from giving the cost bond required by section 6772, Id., upon all appeals from judgments rendered in Justice Courts.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Samuel D. Richardson against F. H. Campbell. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Smith Stimmel,* for appellant.

*A. G. Hanson,* for respondent.

YOUNG, J. The plaintiff secured judgment in Justice Court in Cass county upon a claim against the estate of W. L. Richardson, deceased, which had been rejected by the administrator. The administrator attempted to appeal to the District Court from that judgment, and with that end in view, within the time allowed by the statute, served a notice of appeal upon plaintiff's counsel, and filed the notice so served with the clerk of the District Court of Cass county. No undertaking of any kind was served, however, either with the notice of appeal or at all. An undertaking in form was filed in the clerk's office. The plaintiff moved the dismissal of defendant's appeal in the District Court upon the grounds—First, that no undertaking had been served upon the plaintiff or his counsel; second, that no such undertaking as is required by law had been filed with the clerk of the District Court. The defendant, at the hearing of the motion to dismiss, asked leave to amend and perfect his appeal by serving and filing a new undertaking. This was denied, and plaintiff's motion to dismiss was granted upon both of the grounds upon which it was made, and a judgment was ordered and entered dismissing the appeal. The defendant appeals from the judgment of dismissal, and presents for review the rulings of the court which we have just mentioned.

The appeal attempted to be taken from the judgment of the Justice Court is governed by chapter 6 of the Justices' Code, relating to appeals from Justices' Courts. Chapters 6 and 7 of the Laws of 1897 do not affect any of the particular provisions of the Revised Codes which we shall have occasion to discuss as governing this appeal. Is the service of an undertaking necessary to give the District Court Jurisdiction, or is jurisdiction given merely by the service and filing of the notice of appeal and filing of the undertaking? We are of opinion that service of the undertaking is a jurisdictional prerequisite. Section 6776, Rev. Codes, as amended by chapter 6, Laws 1897, in force when this appeal was taken, provides that "the undertaking must be served with the notice. The remaining portion of the section relates to the method of excepting to the sureties on the undertaking, and the manner in which they may justify, and

the effect of their failure to do so. This statute explicitly requires that the undertaking must be served with the notice of appeal, and in language which is not capable of being misunderstood. Our conclusion that service of the undertaking is an essential step in taking the appeal, and a prerequisite to give the District Court jurisdiction, is reinforced by the obvious purpose of such service, namely, to afford to the adverse party an opportunity to require the sureties to justify, if it shall be deemed necessary; all of which provisions are embodied in the very section which requires the undertaking to be served with the notice. The defendant, then, in the case at bar, not having served an undertaking as required by the statute referred to, the District Court was entirely without jurisdiction of the appeal; and from this it follows that the order denying appellant's request for leave to serve and file another undertaking out of the statutory time was proper, for such leave could have been granted only by an assumption of jurisdiction which did not exist, and would have been, in effect, to create jurisdiction in itself, which, of course, is impossible. *McDonald* v. *Paris* (S.D.) 68 N. W. Rep. 737; *Smith* v. *Coffin* (S. D.) 70 N. W. Rep. 636.

Appellant's chief contention is that, as administrator, he was not required to give and serve an undertaking to avail himself and the estate of the right of appeal. In support of this, counsel cites the following from section 6258, Rev. Codes: "An executor, administrator or guardian may appeal without filing an undertaking from a decree or order made in any proceeding in a case in which he has given an official bond; and when he appeals in that manner the bond stands in place of such undertaking." The language just quoted is clearly not applicable to appeals from Justice and District Courts. Section 6258, supra, is one of the 26 sections which are found in article 9, chapter 3, Prob. Code, and relate solely to appeals from the county court, as is clearly shown by the first section (section 6254), which reads: "Any party or other person specified in the next section who deems himself aggrieved may appeal, as prescribed in this article, from a decree or from an order affecting a substantial right made by a County Court to the District Court of the same county." Each and every section of article 9, including the section relied upon, relates to appeals from the county to the District Court, and the widest possible interpretation would not permit us to say that the section relied upon had any reference or bearing upon appeals from the judgment of other courts.

Appeals from Justice Courts are regulated by chapter 6 of Justice's Code, as amended. Any party dissatisfied with a judgment may appeal to the District Court by complying with the statutory requirements for such appeal. One of these is found in section 6772, and is this: "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by a sufficient surety to the effect that the appellant will pay all costs which may be awarded against him on the appeal, not exceeding one hundred dollars, which undertaking shall be

approved by and filed in the office of the clerk of the District Court of the county to which appeal is taken." If a stay of execution is desired, it may be secured by executing, serving, and filing the bond provided for in the next section (6773), namely, one not less than twice the amount of the judgment appealed from, and conditioned for the payment of both judgment and costs. It is true, as counsel urges, that the giving of the stay bond would have been an unnecessary and an idle ceremony in this case, so far as it is related solely to a stay of execution; for the judgment was not such a one as could, in any event, be enforced by an execution. Article 5, chapter 6, Prob. Code, as amended by Laws 1897, chapter 111, subd. 16, provides that "a judgment rendered against an executor or administrator in the District Court, or before a magistrate, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator, and the judge of the County Court, and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. A certified transcript of the judgment must be filed in the County Court. No execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment." It is thus seen that the effect of the judgment is merely the legal ascertainment of the amount due, with a further provision that it shall be paid in due course of administration. The feature of costs, however, is not disposed of in the same way. Subdivision 21 of the same chapter and article provides that "when a judgment is recovered, with costs, against any executor or administrator, he shall be individually liable for such costs, but they must be allowed him in his administration accounts, unless it appears that the suit or proceeding in which the costs were taxed was prosecuted or defended without just cause." The effect of this last provision is to make the prosecution of appeals by executors and administrators their individual acts, in which they incur an individual liability for the costs which may be taxed in the judgment against them. They may be repaid, and will be, unless the suit was prosecuted or defended without just cause; but if they are repaid it will not be pro rata, as a mere claim against the estate and in due course of administration, but will be paid in their administration accounts, as any other legitimate expenditure. There is the same reason, then, why an administrator or executor, who chooses to further contest a claim against the estate of a decedent which has been allowed by a court, should, upon appeal, be required, for the protection of the adverse party, to provide the same cost bond as is required from other suitors upon appeals. Further, it is not an injustice to the administrator. In taking an appeal he is apprised in advance that he does so at the peril of having, not only to pay the costs adjudged against him if he fails, but also that he will not be reimbursed if it shall appear that he proceeded without

just cause. The provision is a wise one, and is well calculated to prevent the dissipation of estates in useless litigation, by placing the liability for costs primarily upon the executor or administrator. Our conclusion is that the appellant was required to serve, as well as file, the cost bond required by section 6772, Rev. Codes, and that, not having done so, the District Court obtained no jurisdiction, and the appeal was properly dismissed.

Judgment affirmed. All concur.