(103 N. W. 756.)

---

H. P. LOUGH v. A. A. WHITE.

Opinion filed June 9, 1905.

**Justices of the Peace — Undertaking — Service.**

    1. Under our statute regulating appeals from justice courts, the service and filing of the notice of appeal, and the filing of the undertaking with the clerk of the district court are not alone sufficient to transfer jurisdiction. The undertaking must be served and the service must be made within thirty days after the judgment is rendered. Richardson v. Campbell, 81 N. W. 31, 9 N. D. 100, followed.

Appeal from District Court, Cass county; *Pollock, J.*

Action by H. P. Lough against A. A. White. Judgment for plaintiff, and defendant appeals.

Affirmed.

*John E. Greene,* for appellant.
*Barnett & Reese,* and *Benton & Lovell,* for respondents.

YOUNG, J. The defendant appeals from a judgment of the district court of Cass county dismissing his appeal from a justice court judgment. The appeal was dismissed because of defendant's failure to serve an undertaking within thirty days after the judgment was rendered, that being the period fixed by the statute for taking appeals. Section 6771, Rev. Codes 1899. The record shows that the justice court judgment was rendered July 31, 1903. The defendant served his notice of appeal on August 22, 1903, and on August 28, 1903, he filed the notice of appeal with the clerk of the district court, and also an undertaking in due form, and

duly approved by the clerk.   On September 2, 1903, which was more than thirty days after the judgment was rendered, the plaintiff served a notice to dismiss the appeal upon jurisdictional grounds, to wit, the defendant's failure to serve the undertaking.   Immediately after the notice to dismiss was served, the defendant served an undertaking.   It will be noted that the notice of appeal was served and filed and the undertaking was filed within thirty days after the judgment was rendered, but the undertaking was not served until after that period had expired.   The sole question is whether the failure to serve the undertaking within thirty days was fatal to the appeal.   The trial court held it was, and dismissed the appeal.   This action was strictly in accord with the rule laid down by this court in Richardson v. Campbell, 9 N. D. 100, 81 N. W. 31.   In that case we held that under our present appeal law, which was adopted in the Revised Codes of 1895, the service of the undertaking within the thirty-day period is a jurisdictional prerequisite to an appeal, and is one of the essential steps to transfer jurisdiction.   Prior to the changes effected by the 1895 law, our statute, like the statutes of California and South Dakota, did not require the service of the undertaking.   It was merely filed with the justice, and the time for excepting to the sufficiency of the sureties commenced to run from the date of filing.   The 1895 Code introduced an entirely new method of taking appeals.   The notice of appeal and undertaking, instead of being filed with the justice, are required to be filed with the clerk of the district court, and a provision was added that "the undertaking must be served." Section 6776, Rev. Codes 1895.   Under the former statute money might be deposited with the justice as the equivalent of an undertaking, and no notice of the deposit was required.   The new statute requires the deposit to be made with the clerk, and requires that the appellant, "in lieu of the service of an undertaking serve a notice of the making of such deposit.   Such deposit and notice shall have the same effect as the service of the required undertaking."   Section 6775, Rev. Codes 1895.   The time for excepting to the sufficiency of the sureties, instead of running from the date of filing of the undertaking, commences to run from its service.   The changes are radical.   Instead of merely requiring that the undertaking be filed it also requires that it shall be served. Each state has its own method for taking appeals.   The legislature of this state has required the service of the undertaking.   In states where it is merely required to be filed it is held that the filing

is a jurisdictional step, and the filing must be within the time fixed by the statute for taking the appeal. Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833; Smith v. Coffin, 9 S. D. 502, 70 N. W. 636; Brown v. Ry. Co., 10 S. D. 633, 75 N. W. 198, 66 Am. St. Rep. 730; Coker v. Superior Court, 58 Cal. 177; 2 Spelling on New Trial & Appeal, section 745, and cases cited. The legislature having required the undertaking to be served, it must be held for the same reason that service is jurisdictional, and must be made within the time fixed for taking the appeal.

Counsel for appellant contend that Richardson v. Campbell, supra, was not correctly decided, and the provisions of our present statute requiring the service of the undertaking and service of notice of deposit when money is deposited in lieu of an undertaking has nothing to do with the question of jurisdiction. The basis of this contention is found in the language of a number of provisions of the old statute, which are preserved in the present statute without change. If the language relied upon stood alone, counsel's position would undoubtedly be correct. These provisions must, however, be read and construed with the added provisions requiring service. The majority of the court as now constituted did not participate in the decision of Richardson v. Campbell. We are all agreed, however, that no adequate reason has been advanced for departing from the construction announced in that case.

Judgment affirmed. All concur.