(113 N. W. 371.)

---

MOSES DEARDOFF v. THORSTEN THORSTENSEN.

Opinion filed Oct. 16, 1907.

**Justices of the Peace — Appeal — Filing Bond.**

1. In an appeal to the district court from a judgment rendered in justice court, the filing of an undertaking with the clerk of the district court within 30 days after the rendition of the judgment is a prerequisite to the transfer of jurisdiction to the district court.

**Same — Waiver.**

2. The filing of an undertaking in such cases pertains to the jurisdiction of the district court over the cause and subject-matter of the appeal and cannot be waived by consent of the appellee in submitting to the jurisdiction of the district court.

Appeal from District Court, Wells county; *Glaspell, J.*

Action by Moses Deardoff against Thorsten Thorstensen. Judgment for defendant, and plaintiff appeals.

Reversed.

*Plinn H. Woodward,* for appellant.

Appeal papers must be filed in the period prescribed by law. Eldridge v. Knight, 11 N. D. 552, 93 N. W. 262; Smith v. Coffin, 70 N. W. 636; Campbell v. Richardson, 81 N. W. 31; Brown v. Brown, 81 N. W. 627; Rudolph v. Herman, 50 N. W. 833; Croker v. Superior Court, 58 Cal. 177.

Jurisdiction on appeal cannot be waived; it is conferred only as prescribed by law. Ramsdell v. Duxberry, 85 N. W. 221; Brown v. Chicago, M. & St. P. Ry. Co., 75 N. W. 198.

General appearance in such a case does not confer jurisdiction. Houser v. Nolting, 78 N. W. 955; Reedy v. Howard, 76 N. W. 304; Miner v. Francis et al., 3 N. D. 549, 58 N. W. 343; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605.

*H. J. Bessesen,* for respondent.

General appearance, accepting service of notice to take deposition, attendance upon taking depositions, waive notice of appeal. Bates & Wright v. Scott Bros., 26 Mo. App. 428; 2 Enc. Pl. & Pr. 231, 618, 632, 648; Stephen v. Nebraska, Etc., Ins. Co., 29 Neb. 187; Tyson v. Tyson, 68 N. W. 1015; Price v. Pittsburg, etc., R. R. Co., 40 Ill. 44; 3 Cyc. 504, 528; Towers v. Lamb, 6 Mich. 36.

Morgan, C. J. This action was commenced in justice's court and resulted in a judgment by default in favor of the plaintiff on May 8, 1903, for the sum of $120.42, damages and costs. On June 4, 1903, the defendant served a notice of appeal, undertaking, and answer upon the plaintiff's attorney, and personal service was admitted by said attorney. The undertaking had been approved as to form and sufficiency by the clerk of the district court prior to its service on the attorney. Neither the notice of appeal, undertaking or answer was filed in the office of the clerk of the district court until November 24, 1903. When the action was called for trial in the district court on March 17, 1904, the plaintiff moved for a dismissal of the appeal on the sole ground that the notice of appeal and undertaking were not filed in the office of the clerk of the district court within thirty days from the rendition of the judgment. This motion was denied, and the trial which followed resulted in a verdict for the defendant. The plaintiff appeals from the judgment of dismissal rendered on the verdict. The sole error specified is the refusal of the court to dismiss the appeal.

Two questions are presented for decision in the appeal: (1) Was the failure to file the notice and undertaking in the clerk's office within thirty days from the rendition of the judgment jurisdictionally fatal to the appeal? (2) If such filing is jurisdictional, was there a waiver of the failure by a submission to the jurisdiction of the district court after the papers were therein filed?

Appeals are matters of statutory regulation, and, unless the statute has been complied with, there is no appeal, unless there is a noncompliance with some requirement that can be and has been waived. The provisions of the statute in reference to appeals, so far as applicable to this case, are the following: Section 8500, Rev. Codes 1905, provides that: "Any party dissatisfied with a judgment rendered in a civil action in a justice's court, whether

the same was rendered on default or after a trial, may appeal therefrom to the district court * * * at any time within thirty days after the rendition of the judgment. The appeal is taken by serving the notice of appeal on the adverse party or his attorney and by filing the notice of appeal together with the undertaking required by law with the clerk of the district court of the county in which the appeal was taken." Section 8502, Rev. Codes 1905, is as follows: "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by sufficient surety to the effect that the appellant will pay all costs which may be awarded against him on the appeal, not exceeding one hundred dollars, which undertaking shall be approved by and filed in the office of the clerk of the district court of the county in which the appeal is taken." No changes have been made in the law relating to appeals from justice's court since the cases of Richardson v. Campbell, 9 N. D. 100, 81 N. W. 31, and Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860, were decided. In the first-named case it was decided that the service of the undertaking on appeal was an essential prerequisite to the transfer of jurisdiction from the justice's court to the district court. In the last case, it was decided that service of the undertaking is to be made before approval and filing. In the last case it was also in effect held that service, approval and filing in the clerk's office must be made within thirty days after judgment.

In the case at bar, the undertaking was approved before service or filing, but the same was not filed in the clerk's office within the statutory time. Did the failure to file the notice and undertaking within thirty days deprive the district court of jurisdiction? We think it did. The language of section 8500 is plain and unambiguous. It specifies that the appeal is taken by serving the notice and by filing the same together with the undertaking in the clerk's office. This must be read in connection with what precedes it— the same section—that the appeal may be taken within thirty days after judgment. A subsequent act provides for the service of the notice and undertaking and the filing thereof within thirty days are necessary to the transfer of jurisdiction from one court to another. The doing of these acts within said time is incumbent on the appellant, and failing to do them defeats his appeal. The district court does not acquire jurisdiction of the appeal unless these acts are performed within the said time. The performance of these

necessary acts pertains to the subject-matter of the appeal. The filing of the undertaking is as much a jurisdictional essential under the terms of section 8500, supra, as the giving and filing of notice. By serving and filing the notice, jurisdiction of the person is acquired. By serving and filing the undertaking, jurisdiction of the subject-matter is acquired. In addition to the cases cited in this court, see Rudolph v. Herman, 2 S. D. 399, 50 N. W. 833; McDonald v. Paris, 9 S. D. 310, 68 N. W. 737; Smith v. Coffin, 9 S. D. 502, 70 N. W. 636; Bonnell v. Vancise, 8 S. D. 592, 67 N. W. 685.

It is earnestly claimed on behalf of the respondent that the plaintiff waived the failure to file the undertaking in time by his acts prior to the making of the motion to dismiss the appeal. These acts consist of failure to make the motion to dismiss upon the call of the calendar on the first day of the term, and in addition thereto that he subpoenaed witnesses on the trial and gave notice of the taking of his own deposition and that of others, and that such depositions were taken to be used at the trial, and that plaintiff appeared by attorney at the taking of such depositions. Whether these acts would constitute a waiver of the giving of a notice of appeal under which jurisdiction of the person is acquired on appeal we need not determine. In our opinion they do not constitute a waiver of the filing of the bond by the appellant. The filing of the bond was jurisdictional to the subject-matter of the appeal. Without it, the district court had no jurisdiction of the appeal, although it may have had personal jurisdiction of the appellant. The filing of the bond is not solely for the benefit of the appellee. The court and the public are interested in seeing that appeals are perfected by the giving of the undertakings prescribed by the statute. Public policy requires that frivolous appeals be not made without compliance with the requirements prescribed by law. As stated in Santom v. Ballard, 133 Mass. 464: "He claimed an appeal, but did not file the bond as required by law. The superior court therefore had no jurisdiction of the case and might dismiss it on its own motion or on motion of the appellee at any time before judgment. In many cases where there has been no objection to the jurisdiction because of some irregularity or defect in the service or some merely technical defect in the process, it has been held that a general appearance by the defendant is a waiver of such objection. But this rule applies only in cases where

the court has jurisdiction of the subject-matter. Consent of parties may in a certain sense give jurisdiction of the person, but it cannot create jurisdiction over the cause and subject-matter, which is not vested in the court by law. * * * The provisions of law requiring a bond are not wholly for the benefit of the appellee, but partly upon considerations of public policy to discourage frivolous and vexatious litigation." See, also, Eldridge v. Knight, supra. Brown v. C. M. & St. P. Ry. Co., 10 S. D. 633, 75 N. W. 198, 66 Am. St. Rep. 730; Coker v. Superior Court, 58 Cal. 178; Brown v. Brown, 12 S. D. 380, 81 N. W. 627.

It was error to refuse to dismiss the appeal.

Reversed. All concur.