ANETA MERCANTILE COMPANY, a Corporation Existing under the Laws of North Dakota, v. E. J. GROSETH and Oline Groseth.

(127 N. W. 718.)

**Justice of the Peace — Appeal — Service of Pleading with Notice.**

1. In an appeal to the district court from a judgment rendered in justice

court by default, the serving of appellant's pleading with the undertaking is prerequisite to the transfer of jurisdiction to the district court.

.Justice of the Peace — Appeal — Jurisdiction — Waiver.

2. The service of appellant's pleading in such cases pertains to the jurisdiction of the district court over the cause and subject-matter, and was not waived by the stipulation of the parties to continue the case over the January, 1909, term of the district court.

Opinion filed June 20, 1910. Rehearing denied Sept. 13, 1910.

Appeal from District Court, Nelson county; *Chas. F. Templeton, J.*

*Skulason & Burtness,* for appellants.

Method of acquiring jurisdiction on appeal is established. Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860; Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616.

General appearance confers jurisdiction.    Steven v. Nebraska & I. Ins. Co. 29 Neb. 187, 45 N. W. 284; Goodrich v. Omaha, 11 Neb. 204, 7 N. W. 442; Auspach v. Ferguson, 71 Iowa, 144, 32 N. W. 249; Baisley v. Baisley, 113 Mo. 544, 35 Am. St. Rep. 726, 21 S. W. 29; Orear v. Clough, 52 Mo. 55; Peters v. St. Louis & I. M. R. Co. 59 Mo. 406; Shaffer v. Trimble, 2 G. Greene, 464; Grafton v. Union Ferry Co. 40 N. Y. S. R. 137, 13 N. Y. S. 878; Stanton v. Haverhill Bridge, 47 Vt. 172; Harvey v. Skipwith, 16 Gratt. 410; Marye v. Strouse, 6 Sawy. 204, 5 Fed. 494, 2 Mor. Min. Rep. 294; Miller v. State, 35 Ark. 276; Bazzo v. Wallace, 16 Neb. 290, 20 N. W. 315; Wm. Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 926; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605; Moorhouse v. Donica, 13 Or. 435, 11 Pac. 71; Hayworth v. Rogan, 77 Tex. 362, 14 S. W. 70; Matthews v. Superior Court, 70 Cal. 527, 11 Pac. 665; Shay v. Superior Court, 57 Cal. 541; Morgan v. Garretson & G. Lumber Co. 105 Mo. App. 239, 79 S. W. 997.

*M. A. Shirley,* for respondent.

Appeal statutes are mandatory, and compliance therewith jurisdictional. Richardson v. Campbell, 9 N. D. 100, 81 N. W. 31; Haessly v. Thate, 16 N. D. 403, 114 N. W. 311; Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616; Eldridge v. Knight, 11 N. D. 552, 93

N. W. 860; Lough v. White, 14 N. D. 353, 104 N. W. 518; Thompson v. Fargo Heating & Plumbing Co. 14 N. D. 405, 104 N. W. 525.

Statutory provisions as to appeals are mandatory. Ramsdell v. Duxberry, 14 S. D. 222, 85 N. W. 221, 17 S. D. 311, 96 N. W. 132; Brown v. Chicago, M. & St. P. R. Co. 10 S. D. 633, 66 Am. St. Rep. 730, 75 N. W. 198; Plano Mfg. Co. v. Rasey, 69 Wis. 246, 34 N. W. 85; Telford v. Ashland, 100 Wis. 238, 75 N. W. 1006; Gruetzmacher v. Wanninger, 113 Wis. 34, 88 N. W. 929.

CARMODY, J. Judgment was entered by default in justice court against the defendants for $226.76. Appellants sought to take an appeal to the district court of Nelson county from such judgment, but omitted to serve their pleading with their notice of appeal and undertaking. The notice of appeal and undertaking were duly served and filed. The case was docketed in the district court previous to the January, 1909, term thereof. Before the opening of such term, the attorneys for the respective parties entered into a written stipulation for the continuance of the case over the January, 1909, term, which stipulation was filed in the district court on December 30, 1908. When the case was called on January 4, 1909, the court noted in the docket that the case was continued by stipulation. In May, 1909, the defendants made application to the judge of the district court, after notice to the respondent, for an order granting them leave to serve and file their pleading, but this motion was denied. Thereafter the attorney for the respondent served a notice of motion to dismiss the appeal upon the ground that the same had never been perfected by the reason of the failure to serve the pleading. This motion was granted, and judgment of dismissal entered accordingly, from which judgment this appeal is taken.

Appellants assign three errors: (1) The court erred in dismissing the appeal from the justice court, for the reason that the service of the pleading of the appellants with the undertaking on appeal is not a jurisdictional prerequisite, is not a mandatory, but a directory provision. (2) The court erred in dismissing the appeal from the justice court for the reason that, by the stipulation to continue the case, the respondent had made a general appearance in the district court, and had thereby waived any irregularities in the appeal. (3) The court

erred in refusing to permit the appellants to serve and file their answers.

Two questions are necessary to be considered for decision in the appeal: (1) Was the failure to serve and file appellants' pleading with the notice and undertaking jurisdictionally fatal to the appeal? (2) If such serving is jurisdictional, was there a waiver of the failure by the stipulation to continue the case over the January, 1909, term of said district court?

If these questions are answered adversely to the contention of the appellants, then the refusal of the court to allow appellants to serve and file their answer is not material. The sections of the Revised Codes of 1905, relating to appeals from justice courts, so far as material, are as follows: Section 8500: "The appeal is taken by serving the notice of appeal on the adverse party or his attorney and by filing the notice of appeal together with the undertaking required by law with the clerk of the district court of the county in which the appeal was taken." Section 8502: "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by sufficient surety, to the effect that the appellant will pay all costs which may be awarded against him on the appeal not exceeding one hundred dollars, which undertaking shall be approved by and filed in the office of the clerk of the district court of the county to which the appeal is taken." Section 8506: "The undertaking for appeal must be served with the notice; also appellant's pleading when the judgment appealed from was taken by default." Appeals are matters of statutory regulation, and, unless the statute has been complied with, there is no appeal, unless there is a noncompliance with some requirement that can be and has been waived. Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616. Appeals from default justice judgments are not allowed in some jurisdictions. 24 Cyc. Law & Proc. p. 652, and cases cited.

It is earnestly contended by appellants that the service of the appellants' pleading is not jurisdictional, and that the district court acquired jurisdiction both of the person of the appellee, and of the subject-matter, upon the service and filing of the notice of appeal and the undertaking; that, if service of the pleading is one of the steps required to be taken to confer jurisdiction, such service relates only to

the jurisdiction of the person, and not of the subject-matter, jurisdiction of the subject-matter being conferred by the service and filing of the undertaking, and contends that whether the service of the pleading be regarded as a mere irregularity or as something which resulted in lack of jurisdiction of the person, then the stipulation to continue the case was a complete submission to the jurisdiction of the appellate court, and the defect was cured. Section 8506, supra, seems to us to be mandatory. It provides that the undertaking must be served with the notice, also appellant's pleading when the judgment appealed from was taken by default. There is no issue until the pleading is served. Hence there is no subject-matter at issue between the parties, and no issue to be tried or heard in the appellate court, until the defendant has answered or demurred, and thus made an issue, so that the requirement of the service of a pleading in such a case on the part of appellant would seem to be vitally essential in order to create an issue, a subject-matter in dispute, the jurisdiction over which is transferred to and vested in the district court by the proper taking of the statutory steps on appeal. The statute makes the service, approval, and filing of the undertaking and the service of appellants' pleading prerequisite to the transfer of jurisdiction from the justice court to the district court. Hence the stipulation to continue the case over the January, 1909, term did not give the district court jurisdiction of this appeal. Deardoff v. Thorstensen, supra; Richardson v. Campbell, 9 N. D. 100, 81 N. W. 31; Lough v. White, 14 N. D. 353, 104 N. W. 518; Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860. If a party who appeals from a judgment of an inferior court does not file a bond with surety to the adverse party, as required by statute, the superior court has no jurisdiction of the action. Santom v. Ballard, 133 Mass. 464; Brown v. Chicago, M. & St. P. R. Co. 10 S. D. 633, 66 Am. St. Rep. 730, 75 N. W. 198; Oshkosh Waterworks Co. v. Oshkosh, 106 Wis. 83, 81 N. W. 1040; Gruetzmacher v. Wanninger, 113 Wis. 34, 88 N. W. 929; Bullard v. Kuhl, 54 Wis. 544, 11 N. W. 801; Plano Mfg. Co. v. Rasey, 69 Wis. 246, 34 N. W. 85.

In many cases where there has been an objection to the jurisdiction, because of some irregularity or defect in the service, or some merely technical defect in the process, it has been held that a general appearance by the respondent is a waiver of such objection, but this

rule applies only in cases where the court has jurisdiction of the sub-ject-matter. Consent of parties may in a certain sense give jurisdic-tion of the person, but it cannot create a jurisdiction over the cause and subject-matter which is not vested in the court by law. Santom v. Ballard, supra; Burnley v. Cook, 13 Tex. 586, 65 Am. Dec. 79; Palmer v. Peterson, 46 Wis. 401, 1 N. W. 73. None of the cases cited are exactly like the case at bar. They all go to the general proposi-tion that on an appeal from an inferior court to a superior court, and on an appeal from a city council to a district or circuit court, the statute regulating appeals must be substantially complied with, and nothing affecting the jurisdiction of the subject-matter can be waived. The jurisdiction of the subject-matter cannot be conferred by consent. As said by the court in Deardoff v. Thorstensen, supra, public policy requires that frivolous appeals be not made without compliance with requirements prescribed by law. Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860, is not an authority for appellants. This was not an appeal from a default judgment, and what is said in that case only applies to judgments where issue is joined in justice court. Appel-lants' authorities are not in point, as none of them, as far as we can find, are under statutes like ours. Most of them are where there was some irregularity in the process by which jurisdiction was obtained over the person of the respondent, in which case it was held that juris-diction of the person could be conferred by consent or by a general ap-pearance.

Appellants ask leave by motion to amend the record by including the appellants' proposed separate answers. This amendment would not help appellants.

The judgment appealed from is affirmed.    All concur.