### Robinson's Estate

*Samuel Finestone,* for petitioners.

*Guckes, Shrader, Burtt & Thornton,* contra.

STEARNE, J., July 1, 1938.—The petition is for the review of a schedule of distribution approved and filed over five years prior to this application.

Petitioners represent 1/34th distributive share. The auditing judge authorized distribution in kind. The parties owning the other 33/34ths interests approved the schedule in writing. The allotment in kind to petitioners' decedent was not approved by him because he was absent and unheard from at and prior to the audit. To protect this interest the auditing judge directed the accountants to retain the share until further efforts were made to ascertain such distributee's whereabouts. Subsequently the missing person was located and a supplemental account and petition for distribution was presented to the court. Before the audit of the supplemental account the distributee died. Petitioners are the administrators of his estate. At the audit petitioners objected to the allotment to this share, in the schedule of distribution, of certain of the securities. The auditing judge properly declined to pass upon this question, as

such matter could only be determined upon a review of the schedule of distribution. Such application to review is now before us.

On June 11, 1932, the schedule was approved and filed; April 20, 1936, the supplemental adjudication was filed; the audit of the supplemental account was held March 16, 1936. On March 12, 1938, the present petition was presented. Thus over five years have elapsed from the time of approval and filing of the schedule. A delay of two years (except for four days) occurred from the time of the audit of the supplemental account and the present application.

It is to be observed that the citation for the review is directed to the accountants alone. The owners of the other 33/34ths interests, whose awards were made over five years ago, and who then received distribution, have not been cited. As the rights of such persons would be affected by the grant of the prayer of the petition, it is error not to have cited all of such interested parties. For this reason alone the prayer could be denied.

It would be futile, however, to permit an amendment to include such parties, as the present petition and answer disclose that the petition is without merit.

The auditing judge acted with full authority when he directed a distribution in kind: Fiduciaries Act of June 7, 1917, P. L. 447, sec. 49(e)1. We are not required to search the record to ascertain the reasons which actuated him to approve distribution in kind of various securities to the respective parties. No fraud is averred. The answer, which on this argument must be accepted as true, states that the mortgage (since defaulted) was regarded as one of the estate's best assets, and its past proven income yield would have benefited the missing heir, or his descendants, when ascertained. Wisely, or unwisely, such distribution was approved by the auditing judge. Such schedule of distribution, so approved, is the definitive decree of distribution: Graham's Estate, 294 Pa. 493; Hood's Estate, 323 Pa. 253, 261. As no fraud

210

is alleged, a petition to review the schedule is too late if not filed within five years after the final decree: Stetson's Estate, 305 Pa. 62; Elkins' Estate, 325 Pa. 373; Neafie's Estate, 325 Pa. 561, 564.

The prayer of the petition is refused.