[File No. 7370]

ARTHUR W. DOLL, Administrator of the Estate of Paul G. Doll, Deceased, Respondent, v. JOSEPH STAHL AND MRS. JOSEPH STAHL, Appellants.

(59 NW2d 721, 41 ALR2d 1317)

Opinion filed July 22, 1953. Rehearing denied Aug. 13, 1953.

*Thompson & Duffy,* for respondents and appellants.
*A. F. Greffenius,* for petitioner and respondent.

MORRIS, Ch. J. This is an appeal to the supreme court from an order of the District Court of Griggs County, dated February 9, 1953, reversing an order of the County Court of Griggs County denying a petition for the appointment of an administrator of the estate of Joseph J. Stahl, deceased. The matter was presented to the district court upon the pleadings, a stipulation of facts, and the files and records of the County Court of Griggs County.

The record discloses that on April 7, 1949, Paul G. Doll deeded to Joseph J. Stahl a quarter section of land in Nelson County, North Dakota, in return for a thousand dollars in cash and a Taylorcraft airplane. On June 23, 1949, the County Court of Griggs County declared Paul G. Doll to be an incompetent person and appointed his son, Arthur W. Doll, as guardian of his person and estate. The guardian immediately qualified under a bond of six thousand dollars. On August 30, 1949, Arthur W. Doll, as guardian of Paul G. Doll, incompetent, instituted an action in the District Court of Nelson County to set aside the deed to Joseph J. Stahl, above described; and on September 27, 1949, filed a notice of lis pendens in the office of the Register of Deeds of Nelson County. Subsequently, and on April 5, 1950, Joseph J. Stahl conveyed the land to one Adolph Lysne.

Joseph J. Stahl died on April 29, 1950. The action to set aside the deed then was, and still is, pending. On July 17, 1950, Arthur W. Doll, guardian of the person and estate of Paul G. Doll, incompetent, filed in the County Court of Griggs County a petition for the appointment of an administrator in the matter of the estate of Joseph J. Stahl, deceased, wherein the petitioner alleged that he is a creditor of the decedent and asked that letters of administration be issued to Joseph Stahl, the father of the decedent, or some other competent person. To this petition Joseph Stahl and Mrs. Joseph Stahl, parents of the deceased and respondents in that proceeding, answered denying that the petitioner was a creditor and stating: "The only estate

of said decedent is a small amount of personal property and respondents do not believe that any probate proceedings is necessary; . . . ." On November 29, 1950, after a hearing, the County Court of Griggs County denied the petition for the appointment of an administrator.

On December 6, 1950, Arthur W. Doll, guardian of the person and estate of Paul G. Doll, incompetent, served and filed in the County Court of Griggs County a notice of appeal from the order denying the appointment of an administrator in the estate of Joseph J. Stahl, deceased, that had been entered on November 29, 1950. To the notice of appeal the appellant attached the following:

"You will please take further notice; that section 30–2605 of the revised Codes of North Dakota 1943 provides that if a guardian has given an official Bond he may appeal from a decree or order made in any proceeding in County Court without filing an undertaking. Whenever he appeals in that manner the Bond stands in place of such an undertaking.

"Take further Notice that Arthur W. Doll guardian of the estate and person of Paul Doll, Deceased, the petitioner and appellant has on file a Surety Bond for $6000.00 which was filed to qualify him for letters of guardianship.

"Dated this 5th day of December, 1950, at Valley City, Barnes County, North Dakota."

This notice was signed by the attorney for the appellant in that proceeding.

The incompetent, Paul G. Doll, died during the pendency of the appeal to the district court. After his death the son, Arthur W. Doll, was appointed administrator of the estate of Paul G. Doll, deceased, and was discharged as guardian of the person and estate of Paul G. Doll, incompetent. He then served a notice of motion to substitute Arthur W. Doll, as administrator, in place of Arthur W. Doll, as guardian, as the appellant in the appeal to the district court in the matter of the estate of Joseph J. Stahl, deceased. The respondents in the county court, Joseph Stahl and Mrs. Joseph Stahl, resisted the motion for substitution and also made a motion to dismiss the appeal upon the ground, among others,

"That the petitioner and appellant has failed to give or file an undertaking for appeal as required by Chapter 30–26 of the NDRC 1943."

After a hearing the district court granted the motion for substitution and denied the motion for dismissal of the appeal. After a further hearing was had on the merits the court made findings in which he reviewed the entire record and reached the conclusion that the County Court of Griggs County erred in dismissing the petition for letters of administration in the matter of the estate of Joseph J. Stahl; whereupon the district court ordered the matter remanded to the County Court of Griggs County with directions to vacate the order entered therein denying the petition for letters of administration and directing the county court to appoint an administrator of the estate of Joseph J. Stahl, deceased. From this order Joseph Stahl and Mrs. Joseph Stahl appeal to the supreme court.

The respondent in the appeal to the supreme court contends that the question of the sufficiency of the undertaking on appeal from the county court to the district court is not now before the supreme court. He points out that the sufficiency of the undertaking was challenged by the motion to dismiss the appeal to the district court and according to the stipulation of facts "That on the 30th day of June, 1952, notice of hearing on a motion to dismiss the appeal from the County Court was served on appellant but which motion was denied by the District Court and such order served on respondents on August 28, 1952." It is then urged that the order denying the motion to dismiss the appeal was an appealable order, was never appealed from, and the time for appeal has expired. From that it is argued that the questions determined by that order cannot be raised in the present appeal to the supreme court, which is an appeal from the final order of the district court, dated February 9, 1953, determining the matter on the merits. He is wrong in his contention that the order denying the motion to dismiss the appeal from county court to district court is appealable. That question is settled by our decision In re Bratcher's Estate, 74 ND 12, 24 NW2d 54, wherein we held that such an order was not appealable.

. It is next contended that if the order of the district court denying the motion to dismiss the appeal is not appealable it is nevertheless not reviewable on the present appeal to the supreme court because this appeal is from an order and not from a judgment and that, according to the provisions of Section 28–2728 NDRC 1943, intermediate orders can only be reviewed where the appeal is from a judgment.

Reference to Chapter 30–26 NDRC 1943 providing appellate procedure in probate matters discloses that the determination of the district court upon an appeal from the county court, while not made in the form of a formal judgment, is not an ordinary order. It is referred to more frequently as a "decision" which must be given in writing and filed with the clerk of the district court and by him entered in the record. Section 30–2627 NDRC 1943. This "order or decision" is the final determination of the district court upon the appeal. Unless a stay has been granted, it is required to be transmitted without delay to the county court, where it is also entered upon the docket of that court. An appeal to the supreme court for such a determination brings to this court for review the final pronouncement of the district court and the essential determinations of the district court resulting in that pronouncement which are not, in themselves, appealable and which have been properly specified as error. The order denying the motion to dismiss the appeal is an intermediate order. The questions determined by it are such that they necessarily affect the final decision of the district court from which the appeal to this court was taken. The appellants specify as error the denial of the motion for dismissal. The correctness of that order is necessarily involved in a determination of the correctness of the order appealed from and properly falls within the scope of our review. In re McAllister's Estate, 191 Iowa 906, 183 NW 596; In re Graham's Estate, 294 Pa 493, 144 A 427; 4 CJS, Appeal and Error, Section 433; 3 Am Jur, Appeal and Error, Sections 429 and 915.

The determinative issue on this appeal is whether Arthur W. Doll, guardian of the person and estate of Paul G. Doll, might appeal from the order of the County Court of Griggs County denying his petition for the appointment of an administrator in

the matter of the estate of Joseph J. Stahl, deceased, without furnishing an undertaking on appeal. He contends that the bond which he has given as guardian of Paul G. Doll stood in place of the undertaking on appeal, while Joseph Stahl and Mrs. Joseph Stahl contend that a separate undertaking on appeal must be furnished in order to make the appeal effective.

Chapter 30–26 NDRC 1943 provides for appeals from the county court to the district court in probate matters. Section 30–2603 requires the appellant to cause a notice of appeal to be served and filed within thirty days from the date of the order or decree appealed from.

Section 30–2606 NDRC 1943 provides:

"When an appellant from a decree or an order of a county court seasonably and in good faith serves a notice of appeal on some of the parties, but through mistake or excusable neglect fails to obtain service on all, or in like manner omits to do any other act necessary to perfect the appeal or effect a stay, the county court, upon proof of the facts by affidavit, may extend the time for perfecting the service or other act and may permit an amendment accordingly upon such terms as justice requires."

Section 30–2605 NDRC 1943 provides:

"In a case in which an executor, administrator, or guardian has given an official bond, he may appeal from a decree or order made in any proceeding in county court without filing an undertaking. Whenever he appeals in that manner the bond stands in place of such undertaking."

In this case the appellant to the district court served a notice of appeal within the thirty day period prescribed by Section 30–2603 NDRC 1943. He did not serve or file an undertaking on appeal but did attach to the notice of appeal a notice to the effect that he had filed a surety bond for six thousand dollars as guardian of the estate and person of Paul G. Doll and calling attention to Section 30–2605, supra. No application was ever made by the appellant under Section 30–2606 to extend the time for filing a bond. He stands squarely on Section 30–2605, supra, and contends that thereunder the bond which he gave as guardian in the estate of Paul G. Doll, incompetent, stands in place

of the otherwise required undertaking on appeal in the matter of the estate of Joseph J. Stahl, deceased.

Section 30–2605 had its origin in Section 331 of the Probate Code of the Territory of Dakota, 1877, which then provided:

"When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the probate court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties therein are liable as on such appeal bond."

This provision, without change, became Section 5981 of the Compiled Laws of Dakota Territory, 1887. It was made more specific and broadened to include guardians by Section 6258, Revised Codes of North Dakota, 1895, which provided:

"An executor, administrator or guardian may appeal without filing an undertaking from a decree or order made in any proceeding in a case in which he has given an official bond; and when he appeals in that manner the bond stands in place of such undertaking."

This provision was carried through various revisions and compilations of the laws of the state without change, including the Compiled Laws of North Dakota, 1913, where it appears as Section 8603. In that form it came before this court in Richardson v. Campbell, 9 ND 100, 81 NW 31. In that case a plaintiff secured a judgment in justice court against the estate of W. L. Richardson, deceased, upon a claim that had been rejected by the administrator. The administrator attempted to appeal to the district court. He served a notice of appeal and no undertaking. He contended that as administrator he was not required to give an undertaking and that his official bond stood in place of the undertaking otherwise required by statute. The court in rejecting this contention held that an appeal bond was necessary to perfect the appeal from justice court to district court, despite the fact that the administrator was appealing in his official capacity and in behalf of the estate. The provision in question was changed to its present form in the North Dakota Revised Code, 1943, where it appears as Section 30–2605. The

change that was made was not intended to and does not change the effect of the statute.

In Richardson v. Campbell, supra, the administrator attempted to appeal in his official capacity, and in behalf of the estate that he represented, in a case that was an entirely separate judicial proceeding from the case in county court in which he was appointed administrator. There the case in which he sought to appeal was in a different court. In the situation now before us there are also two separate cases. One is the estate of Paul G. Doll, incompetent, in which the guardian's bond is given. The other is the estate of Joseph J. Stahl, deceased. They are both in the county court but they are unrelated judicial proceedings, although the guardian in one case is petitioner in the other.

In Bancroft's Probate Practice, Section 92, it is said:

"Where the appeal is taken by one other than the executor or administrator in his official capacity, it is usually required that a bond or undertaking be filed as an incident to perfecting the appeal. Such a bond or undertaking must be filed in the county court. Where, however, an executor or administrator who has given an official bond appeals in proceedings had upon the estate of which he is administrator or executor, such bond stands in the place of an appeal bond and the sureties therein are liable as on an appeal bond."

This statement implies that the effectiveness of the bond of the personal representative as an undertaking on appeal is confined to appeals in the estate in which he has been appointed.

In Section 30–0102 NDRC 1943, which defines various terms of probate procedure, it is said:

"In this title, unless the context or subject matter otherwise requires:

"1. 'Case' refers to a subject matter which by the provisions of this title is cognizable in a county court and includes every proceeding therein maintained *in relation to the same matter or estate;*

"2. 'Proceeding' includes every step taken upon a petition for the determination of a particular claim or the enforcement of a particular right *within a case;* . . . ." (Italics supplied.)

It is clear that the guardianship of Paul G. Doll, incompetent, is one case and the estate of Joseph J. Stahl, deceased, is another case and that the bond given by the guardian may stand in place of an appeal undertaking in connection with any proceeding had in the Doll case, but the guardian's bond cannot stand in place of an appeal undertaking in the Stahl case. This appeal is from an order of the county court denying a petition for letters of administration in the Stahl case. A bond therein is required as provided by Section 30–2603 NDRC 1943 in order to make the appeal effective. No such bond has been given. Its absence is fatal to the right of the appellant to be heard upon the merits of his appeal to the district court. The trial court erred in denying the motion to dismiss the appeal and in reversing the order of the county court denying the petition for the appointment of an administrator in the estate of Joseph J. Stahl, deceased. The order appealed from is reversed and the trial court is directed to enter an order dismissing the appeal to the district court.

GRIMSON, CHRISTIANSON, SATHRE and BURKE, JJ., concur.

MORRIS, Ch. J. On Petition for Rehearing. In our original opinion we compared Section 30–2605 NDRC 1943 with its predecessor, Section 8603 Compiled Laws of North Dakota, 1913, and reached the conclusion that "The change that was made was not intended to and does not change the effect of the statute." In a petition for rehearing the respondent challenges our conclusion by asking: "If it was intended not to change the effect of this section, then why was it re-written when the 1943 Revised Code NDRC was made?" That question can be best answered by quoting the reviser's note of the code commission which was presented to the legislature at the time the code was presented for adoption. "REVISER'S NOTE: This section has been revised by transposition for clarity. 'In county court' was added after 'any proceeding' to express the meaning given to the section by the supreme court in Richardson v. Campbell, 9 ND 100, 81 NW 31." It is clear from this note that while the revisers made a change in wording there was no intent on the part of

either the revisers or the legislature to change the meaning or effect of the section.

Under either version of this section the provision excusing the executor, administrator, or guardian from giving an appeal bond applies only to proceedings in the *case* in which the official bond was given. In the instant litigation that case is the Estate of Paul G. Doll, incompetent. The Estate of Joseph J. Stahl, deceased, is another case. The bond that was given as an official bond by the guardian in the Doll estate would stand in place of an undertaking on appeal by the guardian in the case of the Doll estate but is not effective for any purpose in connection with the probate of the estate of Joseph J. Stahl, deceased, which is wholly a different case.

In State ex rel. Johnson v. Broderick, 75 ND 340, 27 NW2d 849, paragraph 15 of the syllabus, this court said:

"In the codification of statutes the general presumption obtains that the codifiers did not intend to change the law; and mere changes of phraseology or punctuation, or the addition or omission of words, or the rearrangement of sections or parts of a statute, or the placing of portions of what formerly was a single section in separate sections, does not operate to change the operation, effect or meaning of the statute unless the changes are of such nature as to manifest clearly and unmistakably a legislative intent to change the former law."

Rehearing denied.

BURKE, GRIMSON, CHRISTIANSON and SATHRE, JJ., concur.