JOHN D. BLAKE,

*v.*

WINCHESTER SHERMAN.

1. On the 18th day of January, 1867, the defendant in attachment, served upon the plaintiff notice that he should move the district court "at the next *special or adjourned* term thereof * * * to be held * * * on the 28th day of January, 1867," for an order vacating the attachment. The plaintiff appeared and took part in the hearing. *Held,* that the notice was sufficient in respect to time of service, and in designating the term at which the motion was to be made.

2. The sufficiency of the facts stated in the affidavits upon which an attachment was allowed in this action, considered and determined.

3. *Sec.* 131, *page* 467, *Gen. Stat.,* is not directory. It requires in attachments a *bond* with a penalty, a condition, and two or more sureties. But *Sec.* 105, *page* 463, *Gen. Stat.,* allows defects as to these requisites to be cured by amendment.

4. The writ of attachment may be obtained *at the time of issuing the summons,* and the affidavit for the attachment need not state that the action in which it is sought has been commenced.

An attachment was issued in this action, upon an affidavit of the plaintiff, and also of one J. O. Chandler, against the property of the defendant. A motion to dissolve the attachment was made in the district court for Olmsted county, upon certain grounds specified in the notice of motion, which motion was granted, and an order made dissolving such attachment. The plaintiff appeals to this court from such order. The affidavits upon which the attachment issued, and the several questions of practice presented, fully appear in the opinion of the court.

Stearns & Start, for Appellant.

Charles C. Willson, for Respondent.

*By the Court*—Berry, J.   In this case, a writ of attachment was allowed by the Court Commissioner of Olmsted county against the respondent, and the same was vacated by the district court upon the respondent's motion.   From the vacating order, an appeal is taken to this court by the plaintiff in the attachment.   At the hearing below, it was urged that the notice of motion to vacate was insufficient, and that an order to show cause should have been obtained.   *Sec.* 140, *page* 469, *Gen. Stat.*, provides that the defendant may "apply to the court on *notice* to vacate the writ of attachment." There being at the time of giving the notice in this case, no provision of statute directing how notice should be given, a reasonable notice was all that was required, and we are of opinion that the notice of ten days in this case was sufficient. The statutes in force, before and after the motion was made, show that the legislature regarded a notice of *eight* days sufficient.   *Pub. Stat.*, *p.* 627, *sec.* 17 ; *Laws* 1867, *p.* 112, *sec.* 3. The further objection, that the notice being for the "next *special or adjourned term*" of the district court for Olmsted county "to be held, &c., &c., on the 28th day of January, 1867," was void for uncertainty, we think, is altogether technical.   As a matter of fact, the appellant does not appear to have been misled or injured in any way.   He was present at the hearing and took part therein.   Upon the merits, the respondent claims that the affidavits upon which the attachment was issued, are insufficient.   The affidavit of the plaintiff in the attachment, (appellant here) after setting out the existence of an indebtedness, and other matters not important to be detailed now, states in general terms, " that said defendant with intent to fraudulently delay and defraud his credi-

tors, and particularly this deponent, has disposed, and is about to dispose of all his (defendant's) property not exempt by law from execution," and adds, "that the foundation of deponent's knowledge is contained in the affidavit of J. O. Chandler." It is not claimed that the general language, which we quote, is sufficient, and so the affidavit of Chandler attempts to support it by a particular statement of facts and circumstances.

The portion of Chandler's affidavit directed to this object, reads as follows : " that the said defendant on the 10th day of December, 1866, was a retail merchant, doing business as such at Minnesota Lake, in the county of Faribault, and State of Minnesota ; that on the 14th day of December, 1866, this deponent, as the business agent of the said plaintiff, called upon the said defendant at his place of business, at said Minnesota Lake, for the purpose of collecting the said demands from the said defendant, who then and there stated to the deponent in a certain conversation then and there had between them in regard to said indebtedness, that he, the defendant, would not pay said claim of the plaintiff unless he could get all his creditors together and compromise all his debts ; that he had got his property fixed all right, and the said defendant then and there further told this deponent that he, the said defendant, had mortgaged all his stock in trade to parties by the name of Wadsworth and Burr, living in Iowa; that he had mortgaged them upon a claim which he had a year to pay in, and that he was not obliged to pay then unless he was a mind to do so ; that self preservation was the first law of nature, and he had done what he had done to protect himself and to keep his creditors from him ; that if his creditors were to come on him it would ruin him ; that the parties to whom he had mortgaged his stock had not been to this State, and were not present when the mortgage was

made. And deponent further shows, that the said defendant still continues in possession of said stock of goods, and that deponent was in his (defendant's) store, and that defendant is selling and disposing of said goods daily ; that defendant has no other property which is not exempt from execution by law, except the said stock of goods." When an embarrassed debtor, upon being requested to pay a claim, the honesty and validity of which he does not question, refuses to pay it unless he can "get his creditors all together, and *compromise* all his debts ;" when he talks about having "his property *fixed all right*, and of having mortgaged his property upon a claim which he has a year to pay in, and which *he is not obliged to pay then unless he pleases*;" when he adds to this in explanation "that *self preservation* is the first law of nature; that he had done what he had done to *protect himself* and *to keep his creditors from him*, and that if his creditors were to come on him it would ruin him," we think he furnishes pretty strong evidence, out of his own mouth, that he has assigned or disposed of his property with intent to *delay*, if not to defraud his creditors. This is not the language which men use when they speak of having preferred one creditor to another, (as they lawfully may) with an honest intent to secure a just claim, and not for the purpose of defrauding other creditors, or of delaying them in the collection of their demands. The question which we are now considering is a question of *fact*, a question of *intent*, such as under other circumstances is peculiarly within the province of a jury. We do not, therefore, deem it necessary further to enlarge upon the reasons why we think the affidavit sufficient, nor to enter upon a detailed examination of the *possibilities* that the respondent's conduct may be consistent with a willingness to make an honest application of his property to the payment of his debts.

It is further urged against the validity of the attachment, that the "bond required by statute was not given." *Sec.* 131, *page* 467, *Gen. Stat.*, provides that "before issuing the writ the judge or court commissioner shall require a bond on the part of the plaintiff, with sufficient sureties, conditioned that if the defendant recovers judgment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the penalty of the bond, which shall be at least two hundred and fifty dollars." We think that this section of the statute is not to be regarded as directory. There must be a *bond* (a term well understood) with a penalty, and a condition, and with two or more sureties.

In the case at bar, the instrument furnished is an undertaking, or a covenant signed by the plaintiff as principal, and one surety, and it is not in the form of the bond required, as it contains neither penalty nor condition: we think it insufficient. It is however enacted (*Sec.* 105, *p.* 463, *Gen. Stat.*) that "whenever any proceeding taken by a party, fails to conform in any respect to the provisions of the statute, the court may permit an amendment of such proceeding, so as to make it conformable thereto." Under this provision of the statute, we are of opinion that an amendment may be allowed, and the requisite bond be filed *nunc pro tunc.* Another objection urged against the attachment is, that "the suit had not been commenced by the issuing or service of a summons when the attachment was allowed." By *Sec.* 128, *page* 466, *Gen. Stat.*, it appears that the writ of attachment may be issued "*at the time* of issuing the summons, or at any time afterwards." There being nothing in this case to indicate the contrary, the presumption would be, that the attachment was issued at a proper time.

The requisites of the affidavit are pointed out in *Sec.* 130,

Blake v. Sherman.

*page* 466, *Gen. Stat.*, and it is not necessary that it should contain any statement as to the commencement of the action, as urged by the counsel for the respondent. *See Gould vs. Bryan,* 3 *Bosworth,* 626.

We believe that this disposes of all the points made here by the respondent.

As we cannot presume that the court below will refuse to permit the appellant to amend his proceedings by filing a proper bond, and in accordance with the views before expressed, we direct the order appealed from be modified so as to read as follows, viz:

"Ordered that the writ of attachment, and all proceedings thereunder, be vacated, unless the plaintiff shall within twenty days after notice of this order, (as modified) file a bond as required by statute, upon obtaining leave so to do on proper application therefor."

Under all the circumstances of this case, the respondent must be allowed his costs and disbursements.