KEEHL, Appellant, *v.* SCHALLER, Respondent.

**Appeal — Erroneous Dismissal.**

Where an undertaking on appeal from a justice of the peace is defective in not containing one of the conditions required by law, it is error to dismiss the appeal where the appellant offers to remedy it as to the defect of which complaint is made.

(Argued and determined at the May Term, 1886.)

APPEAL from the district court, Beadle county; Hon. SEWARD SMITH, Judge.

This was an appeal from an order of the district court dismissing an appeal from a judgment of a justice of the peace on the ground that the undertaking was defective. The original action was to recover possession of personal property. On an appeal in such a case, where a stay of proceedings is desired, the undertaking, among other things, must be conditioned that the appellant "will obey any order made by the court." § 93, Jus-

tice Code. This condition having been omitted from the undertaking, the respondent moved to dismiss the appeal. At the time the motion was heard the appellant asked leave to amend his undertaking to comply with the requirements of the statute. This was denied and the motion to dismiss sustained. This section of the statute also provided that " an appeal from a justice's court is not effectual for any purpose, unless an undertaking be filed, with two or more sureties, in the sum of $100, for the payment of the costs on the appeal; or, if a stay of proceedings be claimed, * * * when the action is for the recovery of specific personal property the undertaking must be conditioned that the appellant will pay the judgment and costs appealed from, and obey the order of the court made therein, if the appeal be withdrawn or dismissed, or any judgment and costs that may be recovered against him in said action in the district court, and will obey any order made by the court therein."

*N. D. Walling,* for appellant.

This omission in the undertaking was not material. Marvin v. Marvin, 11 Abb. Pr. 97; Beach v. Southworth, 6 Barb. 173; Billings v. Roadhouse, 5 Cal. 71.

If the undertaking were defective, that was no ground for dismissing the appeal, the appellant should have been allowed to amend. Marvin v. Marvin, *supra;* Beach v. Southworth, *supra;* People v. Tarbell, 17 How. Pr. 120; Billings v. Roadhouse, *supra;* Howard v. Harmon, 5 Cal. 78; Coulter v. Stark, 7 id. 244; Cunningham v. Hopkins, 8 id. 34; Frankel v. Stern, 44 id. 168; 2 Wait Pr. 782, 790.

*H. C. Hinkley,* for respondent.

This being an action in claim and delivery, the omitted condition was the most important of all, and was a defect that could not be remedied by amendment. Eastman v. Barnes, 1 New Eng. Rep. 347; Wells, Replevin, §§ 392, 398, 419, 483.

This was a statutory requirement; without it the appeal was ineffectual. Justice Code, § 93; Hardwick v. Duchaine, 32 Wis. 155; Langley v. Warner, 1 N. Y. 606.

The sureties were liable for express conditions only. Wells,

§§ 429, 430; Young v. Mason, 3 Gilm. 37; Mitchum v. Stanton, 49 Cal. 304.

Courts allow amendments only when the terms of the undertaking are not enlarged. Wells, § 429; Wheeler & W. M. Co. v. Brown, 25 N. W. Rep. 427; Cliney v. Portland, 24 Cal. 147.

By the COURT:

The order dismissing the appeal in this case is reversed. All the justices concur.