[S. F. No. 2175.   Department One.—April 2, 1902.]

## SOL ADLER, Respondent, v. FRED STAUDE and J. B. CARRERE, Appellants.

APPEAL BOND—CONSIDERATION—RECITALS—LEGAL EFFECT—RIGHT OF ACTION.—An appeal bond, filed by the sole defendant in an action in the justice's court, to perfect an appeal to the superior court, and to stay execution pending the appeal, which recites that the judgment was rendered against him and in favor of the plaintiff, and sets forth the proper conditions in due form, has a sufficient consideration in the benefit of the defendant's appeal, and of the stay of execution, and is in legal effect entered into by the sureties with the plaintiff in the action, who may sue thereupon after the happening of the condition fixing their liability.

ID.—RENDITION OF JUDGMENT—CLERICAL MISPRISION IN ENTRY—MISNOMER OF DEFENDANT—AMENDMENT PENDING APPEAL.—The judgment against the defendant having been properly announced and rendered against the defendant, and the judgment as entered having been properly entitled, the fact that in the entry thereof by the justice's clerk there was a misnomer of the defendant in the body of the judgment, which was amended by the justice's court pending the appeal, cannot affect the validity of the appeal bond, and is no defense to an action thereupon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

John J. Roche, for Appellant.

A. Ruef, for Respondent.

VAN DYKE, J.—This action is based upon an appeal bond. The bond was given on an appeal to the superior court of the city and county of San Francisco from a judgment of the justice court of said city and county, in an action of Sol Adler against Jean Liurette. The bill of exceptions contains the following agreed statement of facts: ''The bond which is the subject of the action was given in the justice's court suit wherein Sol Adler was plaintiff and one Jean Liurette was the only defendant. Judgment was duly and regularly pronounced in said suit by John A. Carroll, justice of the peace, in favor of plaintiff, Adler, and against said defendant, Liurette. In recording said judgment upon a printed blank provided therefor by the clerk of said justice court, the given name of said defendant, 'Jean,' was properly written therein, but, by a mistake of the clerk of attorney for plaintiff, in writing said record of said judgment, the name 'Esperance' was written in one place in the body of said record instead of 'Liurette.' In the title of said record of said judgment the name 'Sol Adler,' as plaintiff, and 'Jean Liurette,' as defendant, were properly written. One Antoine Esperance was the assignor of plaintiff in said suit of Adler *v.* Liurette.'' After the appeal was taken the said mistake in the record was corrected by order of the justice.

The appellants contend,—1. That at the time of the execution of the undertaking no judgment had been rendered against Liurette, and consequently there was no consideration for the undertaking; and 2. The justice of the peace had no power to amend or modify the judgment, except in case of a default. It is, however, recited in the bond executed on the part of the defendants as sureties that on the eighth day of February, 1897, a judgment was rendered by John A. Carroll, Esq., one of the justices of the peace of said court, in favor of the plaintiff in that action ''against Jean Liurette, the defendant, . . . and whereas the said Jean Liurette is dissatisfied with said judgment and desirous of appealing therefrom to the superior court of the city and county of San Francisco, state of California, now, therefore, in consideration of the premises and of such appeal, we, the undersigned, J. B. Carrere and Fred Staude, do hereby jointly and' severally undertake, . . . and whereas the said appellant claims a stay of proceedings and is desirous of staying the

execution of said judgment so appealed from, we do further, in consideration thereof, and of such stay of proceedings, and of the premises, jointly and severally undertake and promise, and do acknowledge ourselves further jointly and severally bound in the further sum of four hundred dollars (being twice the amount of said judgment including costs), that the said appellant will pay the amount of the judgment so appealed from and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in said superior court.''

It appears, therefore, that the undertaking was given to perfect an appeal by Liurette from the judgment *rendered* against him in favor of Sol Adler and to obtain a stay of execution pending the appeal. It was Liurette, therefore, against whom the judgment was rendered, as appears by the recital in the bond, and who was dissatisfied with said judgment and appealed therefrom, and it was in consideration of his appeal and the stay of proceedings against him on the judgment that the appellants entered into the undertaking to pay any judgment that might be recovered against *him* in the superior court. He had the benefit of the appeal and stay of execution on said judgment, and this was the consideration for the undertaking. As was said in *Moffatt* v. *Greenwalt*, 90 Cal. 368: ''By their undertaking the defendants promised and agreed that if the appeal be withdrawn or dismissed, appellant would pay the amount of the judgment so appealed from. This was an original and independent agreement on their part (*Tissot* v. *Darling*, 9 Cal. 278), and in legal effect was entered into by them with the plaintiff. By virtue of the provisions of section 979 of the Code of Civil Procedure, upon the filing of the undertaking staying proceedings, all proceedings under the execution are stayed. . . . The consideration recited in the undertaking was the 'staying of the execution of the judgment appealed from.' As soon as this undertaking was filed it became an executed obligation on their part, and whenever the contingency upon which the obligation was to depend arose their liability became fixed.'' (See, also, *Pieper* v. *Peers*, 98 Cal. 42.) It is quite true, as claimed on the part of the appellants, that sureties are entitled to stand on the letter of their bond, but that rule of law has

no application here; for, as appears by the very letter of their bond, they promised and acknowledged themselves bound to the effect that the appellant Liurette would "pay the amount of any judgment and all costs that may be recovered against him in the action in said superior court."

The judgment in that action was properly rendered by the justice court against Liurette, the defendant therein, as admitted in the stipulated facts, and also as recited in the undertaking on appeal therein entered into by the defendants. The mistake was not in the judgment as announced by the court, but in making an entry thereof by the clerk, and this mistake was a mere clerical misprision.

The judgment is affirmed.

Harrison, J., and Garoutte, J., concurred.