GREAT NORTHERN EXPRESS COMPANY v. A. L. GULBRO,
Doing Business as Gulbro Implement Company.

(165 N. W. 513.)

Justice court — appeal from — district court — jurisdiction — defects as to
form — clerical errors — undertaking in — amendments — new under-
taking.

1. On appeal from a justice of the peace, the district court has jurisdiction to
permit clerical errors or defects of form in the undertaking on appeal to be
corrected by amendment or by the giving of a new undertaking.

Appeal bond — judicial proceeding — statutory requirements — executed by
surety only — valid and enforceable.

2. In absence of statutory requirement to the contrary, a judicial bond signed
by the surety alone is valid and enforceable.

Opinion filed November 15, 1917.

From a judgment of the District Court of Nelson County, *Cooley,*
J., plaintiff appeals.

Reversed.

*Murphy & Toner,* for appellant.

"The provisions of the Code of Civil Procedure shall govern the
proceedings in justices' courts as far as applicable, provided by this
Code." Comp. Laws 1913, §§ 7840, 9009, 9163 and 9165.

The Justice's Code makes no provision for remedy in case a defective
notice or undertaking is served and filed, and therefore we have to
look to the Code of Civil Procedure for the remedy for such defect.
Comp. Laws 1913, § 7840; Morgridge v. Stoeffer, 14 N. D. 430, 104
N. W. 1112; Hilbish v. Asada, 19 N. D. 684, 125 N. W. 556.

In judicial proceedings there is a great difference between an instru-
ment that is irregular as to form, and one that is a nullity because of
substantial defects. Any pleading, process, or proceeding may be
amended by adding or striking out the name of any party, or by cor-
recting a mistake in the name of a party, or a mistake in any other
respect. Comp. Laws 1913, § 5297.

Courts are not only authorized, but they are required, to disregard
any error or defect in the pleadings or proceedings which shall not

affect the substantial rights of the adverse party. Hilbish v. Asada, 19 N. D. 684, 125 N. W. 556; Rev. Codes, 1905, § 6886, Comp. Laws 1913, § 7485.

The undertaking here is not a nullity. It is amply sufficient in substance. The only defects are as to form, and consist of purely clerical errors, and an amendment or a new undertaking would not affect any substantial right of the respondent. It is unlike a case where no undertaking at all was filed. Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616.

The undertaking is not misleading. Its title is correct, and if the intent and purpose of its execution and filing are clearly apparent to anyone of ordinary intelligence, it is sufficient. The errors found in it are clerical only, and the merest reference to the context would remove all uncertainty as to what was intended, and the amendment should have been allowed. Morgridge v. Stoeffer, 14 N. D. 430, 104 N. W. 1112; Hilbish v. Asada, supra; Brock v. Fuller Lumber Co. 82 C. C. A. 402, 153 Fed. 272; Tolerton & S. Co. v. Casperson, 7 S. D. 206, 63 N. W. 908; Sucker State Drill Co. v. Brock, 18 N. D. 8, 118 N. W. 348; Burger v. Sinclair, 24 N. D. 315, 140 N. W. 231; McClelland Bros. v. Allison, 34 Kan. 155, 8 Pac. 239; Coleman v. Newby, 7 Kan. 83; Mitchell v. Goff, 18 Iowa, 424; Irwin v. Bank of Bellefontaine, 6 Ohio St. 81; Shelton v. Wade, 4 Tex. 148, 51 Am. Dec. 722; Helden v. Helden, 9 Wis. 558; Falk v. Goldberg, 45 Wis. 94; Brobst v. Brobst, 2 Wall. 96, 17 L. ed. 905; Seymour v. Freer, 5 Wall. 822, 18 L. ed. 564; Gobbi v. Refrano, 33 Or. 26, 52 Pac. 761; Freeman v. McAtee, 4 Kan. App. 695, 46 Pac. 40; Wilson v. Me-ne-chas, 40 Kan. 648, 20 Pac. 648; Wasem v. Bellach, 17 S. D. 506, 97 N. W. 718; State Sav. & L. Asso. v. Johnson, 70 Neb. 753, 98 N. W. 32; Chase v. Omaha Loan & T. Co. 56 Neb. 358, 76 N. W. 896; Voss v. Feurmann, — Tex. Civ. App. —, 23 S. W. 936; Fullerton Lumber Co. v. Tinker, 21 S. D. 647, 115 N. W. 91; Keehl v. Schaller, 6 Dak. 499, 50 N. W. 195; Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057; Briggs v. Swales, 29 How. Pr. 201; Lake v. Kels, 11 Abb. Pr. N. S. 37; Ross v. Markham, 5 N. Y. Civ. Proc. Rep. 81; St. Louis & S. F. R. Co. v. Hurst, 52 Kan. 609, 35 Pac. 211; Denton v. Denton, 77 Miss. 375, 27 So. 383; People ex rel. Detroit & B. Pl. Road Co. v. Wayne Circuit Judge, 27 Mich. 303; Gray v. Superior Ct. 61 Cal. 337; Murphy v.

38 N. D.—23.

Steele, 51 Ind. 81; State v. Lavalley, 9 Mo. 834; Burger v. Sinclair, 24 N. D. 315, 140 N. W. 231.

But it is not necessary that the person in whose behalf such an undertaking is given, should sign the same, unless specifically required so to do by the statutes. Our statute does not so require. Russell v. Chicago, B. & Q. R. Co. 37 Mont. 1, 94 Pac. 488, 501; King v. Pony Gold Min. Co. 24 Mont. 470, 62 Pac. 783; Booker v. Smith, 38 S. C. 228, 16 S. E. 774.

Statutory undertakings must be read and construed in connection with the statute under which they are given. Whitney v. Darrow, 5 Or. 442.

In this case even if the undertaking is not binding on the express company, it is good and is binding on the surety, and that of itself makes it a good bond. Stimson Mill Co. v. Riley, 5 Cal. Unrep. 218, 42 Pac. 1072; Haskins v. Lombard, 16 Me. 140, 33 Am. Dec. 645; Adams v. Bean, 12 Mass. 137, 7 Am. Dec. 44; State ex rel. Moore v. Sandusky, 46 Mo. 377; Mullen v. Morris, 43 Neb. 596, 62 N. W. 74; Davis v. Gillett, 52 N. H. 126; Wood v. Ogden, 16 N. J. L. 453; State Use of Treasurer of State v. Bowman, 10 Ohio, 445; Young v. Union Sav. Bank & T. Co. 23 Wash. 360, 63 Pac. 247; Grim v. Jackson Twp. 51 Pa. 219; Lovett v. Adams, 3 Wend. 380.

Mistake or fraud in the execution of an undertaking is only a defense in case the obligee was a party to it. Gaines v. Griffith, 13 Ky. L. Rep. 263.

Where the intention can be clearly gathered from the undertaking itself, minor omissions, mistakes, or irregularities are disregarded and the instrument is upheld. Field v. Schricher, 19 Iowa, 119; Hawes v. Sternheim, 57 Ill. App. 126; Daggitt v. Mensch, 141 Ill. 395, 31 N. E. 153; Wile v. Koch, 54 Ohio St. 608, 44 N. E. 236; Pray v. Wasdell, 146 Mass. 324, 16 N. E. 266; Stillings v. Porter, 22 Kan. 17; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; Handy v. Burrton Land & Town Co. 59 Kan. 395, 53 Pac. 67; Cooke v. Crawford, 1 Tex. 9, 46 Am. Dec. 93; Martin v. Davis, 2 Colo. 313; Lynch v. Lynch, 150 Pa. 336, 24 Atl. 625; Johnson v. Noonan, 16 Wis. 688; Riggs v. Bank of State, 11 Ala. 160; Merrick v. Farwell, 33 Me. 253; Ten Hopen v. Taylor, 103 Mich. 178, 61 N. W. 265; Gille v. Emmons, 61 Kan. 217, 59 Pac. 339; Mix v. People, 86 Ill. 329; Courson v. Browning, 78 Ill. 208; Mitchell v. Thorp, 5 Wend. 287.

*Frich & Kelly,* for respondent.

The appellant was required to observe and comply with the provisions of the Justice's Code relating to appeals. This it did not do because of its failure to make and file the undertaking for the appeal. The undertaking was not one on behalf of appellant, but one for a stranger to the record, and there was nothing to amend. Comp. Laws 1913, § 9163.

The district court on appeal from a justice's court does not obtain jurisdiction until the notice is given and a proper undertaking filed. Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616.

CHRISTIANSON, J. From the record transmitted to this court it appears that on the 14th day of May, 1917, this action came on for trial before J. C. Lewis, a justice of the peace in Nelson county, in this state, and resulted in a judgment in favor of the defendant. The plaintiff appealed from such judgment upon questions of law and fact, and demanded a new trial in the district court. The notice of appeal and undertaking on appeal was served upon defendant's attorneys on May 18, 1917, and together with proof of service thereof, were filed in the office of the clerk of the district court on May 22, 1917. The notice of appeal was in every respect in proper form. The undertaking was as follows:

State of North Dakota                    In Justice Court
    County of Nelson                     Before J. C. Lewis,
                                         Justice of the Peace.

Great Northern Express Company, Plaintiff,

vs.

A. L. Gulbro, Doing Business as Gulbro Implement Company,
Defendant.

Undertaking on Appeal.

Whereas on the 14th day of May, 1917, before J. C. Lewis, justice above named, the above-named defendant and respondent recovered a judgment in an action pending in said court by the Great Northern Express Company, plaintiff and appellant herein, for the dismissal of said action, and costs against the plaintiff in the sum of $26.85, and the

above-named plaintiff, feeling aggrieved thereby, intends to appeal therefrom to the district court of said county.

Now, therefore, we, Great Northern Railway Company as principal, and National Surety Company as surety, of the county of Grand Forks, and state of North Dakota, do hereby undertake, promise, and agree to and with said A. L. Gulbro, that the said Great Northern Railway Company, plaintiff, will pay the amount of all costs which may be awarded against it on the appeal, not exceeding in all, however, the sum of $100.

And we, said Great Northern Railway Company as principal, and National Surety Company as surety, do further undertake, promise, and agree to and with said A. L. Gulbro, defendant, that if the appeal is dismissed the said Great Northern Railway Company, plaintiff and appellant, will pay the amount of the judgment appealed from and all costs, or if judgment is rendered against said plaintiff, Great Northern Railway Company in the appellate court, that it, said Great Northern Railway Company, will pay the amount of said judgment and all costs, not exceeding the sum of $100.

Dated this 17th day of May, 1917.

Great Northern Railway Company,

By C. J. Murphy,

Attorney.

National Surety Company,

By Chas. E. Garvin,

Attorney in Fact.

(The undertaking was acknowledged by the parties whose signatures are attached thereto.)

The undertaking was attached to, and served and filed with, the notice of appeal. The written admission of service of defendant's attorneys is indorsed upon the notice of appeal, and is in the following language:

Due service of the within notice of appeal and undertaking is hereby admitted on us at Lakota this 18th day of May, 1917.

Frich & Kelly,

Attorneys for defendant.

The cause was placed upon the calendar of the July, 1917, term of the district court for trial. Upon the call of the calendar, defendant's counsel gave oral notice of a motion to dismiss the appeal, because no sufficient undertaking on appeal had been furnished; the specific ground being that the use of the word "railroad," instead of the word "express," in the name of the principal obligor in various places in the undertaking, rendered it invalid. Plaintiff's counsel thereupon filed a written motion asking leave to correct the error by filing an amended undertaking. This motion was supported by the affidavits of C. J. Murphy, attorney for the plaintiff and appellant, and one Frank Kilgore, who prepared the undertaking, and who as notary public took the acknowledgments of the parties thereto. These affidavits are to the effect that in the preparation of the undertaking the word "railroad" was inadvertently used, instead of the word "express," in stating the name of the appellant in certain places in the undertaking. The application was also accompanied by an amended undertaking in proper form, duly executed and acknowledged by the appellant and by the same surety which had executed the former undertaking. The trial court denied the application to file the amended undertaking, and thereupon granted defendant's motion to dismiss the appeal. Judgment was entered in accordance with the court's order, and plaintiff has appealed from the judgment.

Our statute relative to appeals from justice's court provides that "to render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by sufficient surety to the effect that the appellant will pay all costs which may be awarded against him on the appeal not exceeding $100, which undertaking shall be approved by and filed in the office of the clerk of the district court of the county to which the appeal is taken." Comp. Laws 1913, § 9165.

Under the decisions of this court the undertaking referred to in this section is jurisdictional, and must be served and filed within the time fixed by the statute. Richardson v. Campbell, 9 N. D. 100, 81 N. W. 31; Lough v. White, 14 N. D. 353, 104 N. W. 518; Deardoff v. Thorstensen, 16 N. D. 355, 113 N. W. 616. It does not follow, however, that clerical errors or defects in matters of form will render an undertaking wholly void, so as to preclude an amendment or the giving of a new undertaking. The territorial supreme court held that an

undertaking wherein a condition required by the statute had been omitted might be amended. Keehl v. Schaller, 6 Dak. 499, 50 N. W. 195. And the supreme court of our sister state, South Dakota, held that where the undertaking contained no condition to pay the costs of appeal, it nevertheless was "sufficient to give the court jurisdiction of the appeal, and therefore it had jurisdiction to allow the undertaking to be amended or a new one to be filed." Wasem v. Bellach, 17 S. D. 506, 97 N. W. 718.

It will be noted that the undertaking involved in this case is properly entitled in the action in which it was intended to be given. It will further be noted that the first paragraph identifies and correctly describes the judgment appealed from, and names the parties thereto. Not only is the judgment correctly described and the parties properly named, but it is further stated that "the above-named plaintiff," feeling aggrieved by the judgment, intends to appeal therefrom.

The statute requires that "an undertaking be executed *on the part* of the appellant by sufficient surety." It does not in terms require the undertaking to be signed by the appellant. "The current of modern authority is," said Chief Justice Deemer (Brown v. Melloon, 170 Iowa, 49, 152 N. W. 77, Ann. Cas. 1917C, 1070), "to the effect that, in the absence of statute expressly requiring it, a judicial bond signed by sureties alone is valid and may be enforced. They proceed upon the theory that as the signature of the principal adds nothing to his liability, and the want of it takes nothing away from the sureties, and in no manner increases their burdens or robs them of any of their rights, the failure of the principal to sign does not affect the validity of the bond." See also Clark v. Strong, 14 Neb. 229, 15 N. W. 236.

We are satisfied that the defects in the undertaking in this case did not render it wholly invalid. The surety would not have been released from liability by reason thereof. Adler v. Staude, 136 Cal. 182, 68 Pac. 599; Chase v. Omaha Loan & T. Co. 56 Neb. 358, 76 N. W. 896. The undertaking was sufficient to give the district court jurisdiction of the appeal, and hence it had jurisdiction to allow the undertaking to be amended. Keehl v. Schaller and Wasem v. Bellach, supra; Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057; Northrup v. Bathrick, 78 Neb. 62, 110 N. W. 685; Chase v. Omaha Loan & T. Co. supra; 24 Cyc. 682. The affidavits submitted by the appellant clearly

showed that the mistakes in the undertaking were occasioned by inadvertence. The district court should have allowed the amended undertaking to be filed.

The judgment appealed from is reversed, and the cause remanded to the District Court, with directions to permit the appellant to file the amended undertaking upon such terms as may, to it, seem just and proper.

No costs will be allowed on this appeal.

ROBINSON, J. (concurring). The case is governed by the maxim, *Demonstratio falsus non nocet.* Reading the notice of appeal and the undertaking down to the point where occur the words, "Great Northern Railway Company," it is clear to a demonstration that the words are false and are used by mere inadvertence. *Striking out and disregarding such obviously false words, the undertaking is clearly sufficient to bind the surety company to pay the defendant the amount of all costs which may be adjudged against the plaintiff on the appeal.* Since the notice of appeal and the undertaking on appeal go together and commence with the title of the case, every word and sentence that follows must have reference to the title of the case and to an appeal from the judgment, which is correctly described. A judgment was entered before J. C. Lewis, justice of the peace in and for Nelson county on the 14th day of May, 1917, in favor of the defendant for the dismissal of the action, and for the sum of $2,685 costs. The plaintiff appeals from the whole of said judgment, and demands a new trial in the district court.

There are other maxims of law which apply with more or less force, namely: Surplusage does not vitiate; That is certain which can be made certain; An interpretation which gives effect is to be preferred to one which makes void; Law respects form less than substance.

The use of the words, "Great Northern Railway Company," is false to a demonstration. No boy in law could read the notice of appeal and undertaking without knowing that it was and is an obvious mistake, the name being used by inadvertence for the "Great Northern Express Company." But, after the title of the action was given, it was in no way necessary to repeat the names of either the plaintiff or the defendant. It was enough to designate the parties as plaintiff and ap-

pellant, and to designate the defendant as defendant, and that has been done without any mistake.

The conclusion is that the original appeal bond is legal and valid, and the judgment of the district court must be reversed, without cost.