# GOLDEN VALLEY COUNTY, a Municipal Corporation, Appellant, v. E. J. CURTIN and B. J. McKay, Respondents.

(203 N. W. 189.)

**Attachments — allegations in affidavits held not to prevent motion to quash writ on statutory grounds.**

1. On a motion by defendants to discharge an attachment, allegations in the affidavits in support of the application, tending to show that title to some, but not all of the land attached is held by defendants as trustees, do not deprive the parties of the right to move, upon one or more of the statutory grounds, to quash the writ.

**Attachment — statutory period to move to quash writ not applicable where undertaking has no surety.**

2. Section 7543, Comp. Laws, 1913, contemplates an undertaking with a surety, the sufficiency of which the defendant may challenge. An undertaking which is no more than a promise by the plaintiff to pay all damages and costs, in the event of defeat, nor purporting, on its face, to be executed by a surety, is not within the provision of that statute so that failure to move to quash the writ within ten days will deprive the defendants of that right.

**Attachment — writ issued without sufficient undertaking by surety must be discharged on motion.**

3. In view of §§ 7543 and 7561, Comp. Laws, 1913, the clerk may not issue a warrant of attachment without first requiring "a written undertaking on the part of the plaintiff with sufficient surety;" if the clerk issue the warrant without an undertaking, purporting upon its face to be executed by a surety, the attachment is "irregularly issued" and it is proper for a defendant to move to discharge the same; the consequences of issuing the attachment irregularly are explicitly defined and the writ must be discharged.

**Attachment — statute dealing with discharging attachments irregularly issued not controlled by general statute relating to amending pleadings.**

4. Section 7561 deals expressly with the subject of discharging attachments irregularly issued and is not controlled or affected by §§ 7482 or 7483, Comp. Laws, 1913, the latter being a general statute giving the trial court discretionary power to allow amendments to any pleading, process or proceeding, and to correct mistakes in proceedings.

Opinion filed March 11, 1925.

Attachment, 6 C. J. § 991 p. 426 n. 35; § 1002 p. 431 n. 90; § 1003 p. 433 n. 96 New; § 1025 p. 440 n. 55; § 1045 p. 448 n. 10.

Appeal from an order of the District Court of Golden Valley County, quashing an attachment, *Pugh, J.*

Affirmed.

*Murtha & Sturgeon* and *H. L. Halliday,* for appellant.

"If an attachment undertaking was invalid where the surety signed his name to the justification, instead of to the undertaking, the court had power, on a motion to vacate, to permit the filing of a proper undertaking." Boger v. Cedar Cover Lumber Co. (N. C.) 81 S. E. 784, Ann. Cas. 1917D, 116.

Where amendments are expressly authorized by statute some decisions not only hold that the plaintiff may exercise that right on request, but go further and make it the duty of the court to give an opportunity for amendment before quashing the attachment proceedings. Lowry v. Stowe, 7 Port. (Ala.) 483.

"Where an amendment is allowed either by correcting the original undertaking or by substituting a new one, the effect is to validate the proceeding from its inception. Bone v. Trafton, 31 Cal. App. 30, 159 Pac. 819; State Branch Bank v. Morris, 13 Iowa, 136; Brooks v. Hartman, 1 Heisk. (Tenn.) 36. See also Greenwood Grocery Co. v. Bennett, 101 Miss. 573, 58 So. 482, 598."

"Defective attachment bonds have been held to be amendable in some jurisdictions subsequent to the issuance of the writ in respect to matters not considered to be of a substantial character under authority of statutes authorizing the allowance of amendments to bonds and undertakings generally." Anonymous, 2 Mich. N. P. 118 (lacking one surety); Kidd v. Dougherty, 59 Mich. 240, 26 N. W. 510 (lacking one surety); Adams v. Kellogg, 63 Mich. 105, 29 N. W. 697 (bond while purporting to be made by plaintiff in attachment as principal was not signed by him, but only by two sureties); Bell v. Moran, 25 App. Div. 461, 50 N. Y. Supp. 982 (affidavit of justification on undertaking appeared to have been subscribed by surety, while in body it purported to have been made by one of the plaintiffs.)

"If the bond given for a writ of attachment is defective, a new bond may be filed, and an objection to the bond does not go to the jurisdiction of the court issuing the writ." Adams v. Kellogg (Mich.) 29 N. W. 697.

"The undertaking for a warrant of attachment, failing to state that

the sureties are householders or freeholders, as required by Code Civ. Proc. No. 812, may be amended after issuance, nunc pro tunc, pursuant to § 723, by an addition of such statement. Ingalls v. Nutter, 172 N. Y. Supp. 210."

Theo. B. Torkelson and Crawford, Cain & Burnett, for respondents.

The proposition is elementary that attachment is a harsh remedy, unknown to the common law, and for that reason mandatory requirements of the statute are jurisdictional, and the failure on the part of the party suing out the warrant to comply with such requirements renders the entire attachment proceeding void, and not subject to amendment. Ireland v. Adair, 12 N. D. 29, 32; Rudolph v. Saunders (Cal.) 43 Pac. 619; Courtney v. Bank, 154 N. Y. 688, 49 N. E. 54; 4 Cyc. 583, 589.

"The proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed." 12 N. D. 29, 32.

"An undertaking in attachment which is irregularly issued cannot be amended, Tibbet v. Sue, 54 Pac. 744." Winter v. Pearson (Cal.) 14 Pac. 304; 3 Enc. Pl. & Pr. 36; L. Lamm Co. v. Peaks (Wis.) 156 N. W. 94.

"A bond without surety cannot support an attachment under a statute requiring a bond with surety." Ford v. Rogers, 46 S. C. L. (12 Rich.) 385.

JOHNSON, J. Plaintiff sues on a depository bond, executed by the First National Bank of Beach, which defendants signed as sureties. Both defendants were non-residents when the action was commenced. In connection with the suit, plaintiff procured an attachment; and service was obtained in the manner provided, in cases of non-resident defendants, by §§ 7428 and 7431, Comp. Laws 1913. Personal service was had within the state of Iowa and due return thereof made.

Plaintiff executed an undertaking for attachment, but without sureties. In due time defendants moved to discharge the writ on the ground that it had been improvidently issued by the clerk, in violation of § 7543, Comp. Laws 1913, which provides that "Before issuing the warrant, the clerk must require a written undertaking on the part of the plaintiff, with sufficient surety, to the effect, etc." Thereafter, and before the trial court decided the motion, the plaintiff asked leave to

amend, or to file a new undertaking, executed by sufficient surety, in conformity with the requirements of the statute. After hearing both applications, that of the defendants was granted and the attachment set aside. Plaintiff appeals.

Plaintiff contends that defendant's affidavits, in support of the motion to vacate, show that they have no interest in the property attached and, therefore, may not move to set aside the attachment; that their remedy was to except to the surety, in the manner provided by § 7543, Comp. Laws 1913, and that, having failed to except within ten days on the ground that the surety was insufficient, they lost the right to complain on the ground that no sureties appeared on the bond. It is urged that the court, in the exercise of a sound judicial discretion, should have granted the motion to amend and permitted the county to file an undertaking, with sufficient surety; the court, it is said, has such power under § 7482, Comp. Laws 1913.

Defendant's affidavits tend to show that they hold the title to some, but not all of the land attached, as trustees. The contention that they do not, for this reason, have such an interest in the property as entitles them to move for a dissolution of the attachment, is obviously without merit. Whether owners in their own right or merely as trustees, their right to protect the property against seizure and sale under void judicial process, can be vindicated upon elementary principles. The statute gives the right to move for a discharge to the defendants in the proceeding; and plaintiff alleges that they are the owners of the land. See 6 C. J. 431, et seq. Indeed, appellant wastes no time and but little space in arguing this point.

We think the second branch of plaintiff's contention must likewise fail. Sec. 7543, Comp. Laws 1913, so far as material, is as follows:

"Section 7543. . . . Before issuing the warrant the clerk must require a written undertaking on the part of the plaintiff with sufficient surety, to the effect that if the defendant recovers judgment or the attachment is set aside by the order of the court, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the sum named in the undertaking, which must be at least the amount of the claim specified in the warrant and in no case less than two hundred and fifty dollars. The defendant may at any time within ten days after

a levy under a warrant of attachment except to the sufficiency of the surety upon such undertaking.  .  .  .  If the defendant does not except as prescribed in this section he is deemed to have waived all objections to the surety.  .  .  ."

This statute clearly contemplates an undertaking with a surety, the sufficiency of which, however, the defendant may challenge.  Here we have no undertaking—merely the promise of the plaintiff to pay all damages and costs, in the event of defeat, a duty it probably owes, at least as to the costs, in the instant case without such special agreement. See Great Northern Exp. Co. v. Gulbro, 38 N. D. 352, 165 N. W. 513. There must be an undertaking with some surety on it before the defendant loses any right under § 7543, supra.  The time within which defendant must move does not begin to run against him until he is confronted with an undertaking executed by a surety.  The defendants have not lost the right to ask that the attachment proceedings be vacated because they did not except within ten days to a surety that does not and never did exist.

This brings us to the third and most serious question in the case— whether the trial court erred in refusing to allow plaintiff to amend the so called undertaking and file, nunc pro tunc, a new one with sufficient sureties.

Sec. 7482, Comp. Laws 1913, relied on by plaintiff as giving the court discretionary power to allow an amendment, is a part of chapter 8, Code of Civil Procedure.  It reads as follows:

"Section 7482.  The court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The plaintiff contends that the refusal of the proffered amendment was an abuse of discretion and is reversible error.

In Hilbish v. Asada, 19 N. D. 684, 125 N. W. 556, this court held that the trial court had the power, by virtue of § 7482, to permit a party to correct a mistake in an attachment affidavit.  In that case the

clerical error consisted in the use of the word "plaintiff" instead of the word "defendant." Sec. 7561, Comp. Laws 1913, does not require that the attachment be dissolved because of a clerical error in the affidavit. It is there provided that if "the affidavit upon which the attachment" was issued be untrue, the proceeding must be discharged. The holding in that case is not conclusive upon the question whether, under the provisions of § 7543, the attachment was irregularly issued, and, if irregularly issued, whether, under § 7561, it must be discharged, notwithstanding a motion to amend in reliance on the general provisions of § 7482, supra.

Section 7561, deals with the specific subject of discharging attachments and its material portion is as follows:

"Section 7561. In all cases the defendant, or any person who has acquired a lien upon or interest in the defendant's property after it was attached, may move to discharge the attachment. . . . And if on such hearing it appears to the satisfaction of the court or judge that the attachment was irregularly issued, or that the affidavit upon which it was issued is untrue, the attachment must be discharged."

Considering §§ 7543 and 7561 together, it is clear that the clerk may not issue a warrant of attachment without first requiring "a written undertaking on the part of the plaintiff with sufficient surety;" that if the clerk issue the warrant without an undertaking, purporting upon its face to be executed by a surety, the attachment is "irregularly issued," and it is, therefore, proper for a defendant to move to discharge the same. Under section 7561, supra, the statutory mandate is clear and unequivocal; if the attachment appear to have been "irregularly issued," it "must be discharged." The court has no discretion in the matter; the consequences of irregularity are explicitly defined. Irregularity having been made to appear, the legislature has prescribed the duty of the court in unmistakable terms. It did not say that the court may, in its discretion, permit the plaintiff to amend the undertaking, or to file a new undertaking where none has been filed; nor did it remain silent, perhaps, impliedly, as has frequently been held, permitting § 7482, supra, to govern; but it did say that the proceeding must be discharged. Section 558, California Code of Civil Procedure, was, until amended in 1909, substantially the same, providing that in such cases the attachment must be dissolved. In Tibbet v. Sue, 122

Cal. 206, 54 Pac. 744, the court held that this statutory requirement dealt with a specific subject and was controlling as against the power to amend given in the general statute, similar to our § 7482, Comp. Laws, 1913. It is there said:

"Respondent asks the privilege of amending the undertaking, if it be held defective by this court. For such relief he invokes § 473 of the Code of Civil Procedure, wherein amendments are allowed to pleadings or proceedings in furtherance of justice. In speaking as to an application to discharge a writ of attachment, the Code says: 'If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged.' Code Civ. Proc. § 558. This section is specific, and expressly directed to the subject of attachments. It must be held to control and limit the general provisions of the aforesaid § 473. The lawmaking body has declared what shall be the action of the court under the circumstances here presented, and such action demands that the writ should be discharged."

Tibbet v. Sue was decided by the Supreme Court of California in 1908; in 1909, the legislature amended § 558, Code Civ. Proc. by adding a proviso, "that attachment shall not be discharged if at or before the hearing of such application, the . . . undertaking . . . shall be amended and made to conform to the provisions of this chapter." Bone v. Trafton, 31 Cal. App. 30, 159 Pac. 819, cited by plaintiff, was decided in 1915, by an inferior court, and under the amended statute. Neither it nor subsequent California cases are in point on the precise question before us.

Numerous authorities are cited by the plaintiff in support of the contention that the trial court should have permitted the county to file a new undertaking. Many of these are from jurisdictions where statutes expressly authorize an amendment of the undertaking in attachment. Other cases are from jurisdictions where no statutes exist permitting an amendment; a few are from states having general statutes permitting the amendment of defective bonds or undertakings. We have no such general statute in North Dakota. In other instances the authorities relied on are from jurisdictions said to have statutory provisions so similar to those of our state that the cases are in point and

should be decisive. We shall briefly advert to the more important of this last class of appellant's authorities.

Counsel cites and quotes from the following: Pierce v. Miles, 5 Mont. 549, 6 Pac. 347; Blake v. Sherman, 12 Minn. 420, Gil. 305; McCord & N. Mercantile Co. v. Glenn, 6 Utah, 139, 21 Pac. 500; Schweigel v. L. A. Shakman Co. 78 Minn. 142, 80 N. W. 871, 81 N. W. 529; Wells v. McCrady, 24 Okla. 295, 103 Pac. 605; Kissan v. Marshall, 10 Abb. Pr. 424; Ingalls v. Nutter, 172 N. Y. Supp. 210. In these cases it is generally held that the affidavit or the undertaking for attachment may be amended; that legal sanction for the exercise of this power by the court is found in local statutes substantially identical with § 7482 supra, or § 7483, Comp. Laws, 1913, permitting the court, in its discretion, to allow amendments of proceedings to conform to the code. In not one of these decisions is reference made to a statute at all similar or analogous to § 7561, supra, declaring, as we have seen, in the plainest terms, the duty of the trial court to discharge the attachment when it appears that it was irregularly issued. It is, in effect, held in all of them that the statutes referred to fully meet the situation and constitute legislative warrant for exercising discretionary power in deciding the application of a party to set aside an attachment on the ground that the undertaking is defective. It is easy to find general statements in the digests, or in the syllabi of reported cases, to the effect that the undertaking may be amended; unless, however, the local statutes be examined and critically analyzed, such statements are more likely to mislead than assist one searching for the correct rule.

Counsel relies strongly on Charles Mix County Bank v. Calta, 45 S. D. 564, 189 N. W. 527, where the Supreme Court of South Dakota held that an undertaking, inadequate because the penalty was too small, would not render an attachment void, and that a new undertaking, on motion duly made, could be filed. The court rests its conclusions on §§ 2377 and 2378, Rev. Codes 1919, such sections being, in all material respects, identical with §§ 7482, 7483, Comp. Laws, 1913, permitting the court, in its discretion, to allow amendments before or after judgment for the correction of mistakes. No reference is made in the opinion to any statute in South Dakota similar or analogous to § 7561, supra. There is, however, a statute in South Dakota, § 2448,

Rev. Codes 1919, dealing expressly with the dissolution of attachments and covering the same subject matter as § 7561, supra, but without the requirement that the writ be quashed in case it be irregularly is-' sued.  Two grounds are therein stated on which a party may move to discharge an attachment, one when there is a "substantial departure' from the requirements of the statutes in obtaining or issuing the warrant;" the other when the "facts alleged as grounds of attachment in the affidavit, upon which the warrant was issued are untrue."  If the motion to dissolve be made upon the first ground the statute is silent as to the consequences of a departure.  Nothing is said as to whether the proceeding must be dismissed or whether the defects may be corrected by amendment.  The court resorts to the general statutes permitting amendments to any pleading, process or proceeding and concludes that it may permit a defective undertaking to be corrected.  If, however, the motion be made upon the second ground, the statute expressly provides that if the court finds the facts to be untrue, the attachment "shall be dissolved."  It is obvious that the decision of the South Dakota court can be of no assistance in the case at bar.

The order of the trial court discharging the attachment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.